SAVOY, Judge.
Plaintiff filed this suit under the Workmen’s Compensation Act. Made defendant is U.S. Casualty Company, the insurer of plaintiff, and Mr. and Mrs. Sam O’Rear, operating as Gauthier-O’Rear Farms.
Plaintiff and the O’Rears owned their respective farms and had their individual crops, marketed their produce and participated individually in the profits and losses.
The parties assisted each other in growing their respective crops. Some of the equipment was owned jointly, but most was owned individually.
After the harvesting season, plaintiff commenced cleaning and greasing an automatic hay baler which he owned individually. Plaintiff’s right arm was severed at the wrist while he was cleaning said hay baler.
Following the accident plaintiff filed suit for workmen’s compensation against defendant herein as the insurer of the alleged partnership of C. L. Gauthier, Jr., Gerard G. Gauthier, and Mr. and Mrs. Samuel O’Rear, d/b/a Gauthier-O’Rear Farms, for total and permanent disability at the maximum rate prescribed by the statute, together with penalties and attorney’s fees.
Defendant answered the suit filing a general denial.
After a trial on the merits, the district judge rejected plaintiff’s demands and dismissed his suit, stating in his written opinion that he doubted a partnership existed in the instant case, and, even if it did, plaintiff was not injured while in the course and scope of his employment. From this judgment plaintiff has appealed.
After examining the record, we are of the opinion that the trial judge was correct in not allowing plaintiff to recover in the instant case. The evidence reflects that plaintiff was the individual owner of *788 the hay haler, and that he was working on said equipment after the harvesting of the hay had been completed. We, therefore, conclude he was not injured in the course and scope of his employment.
Having decided the above issue adversely to plaintiff, it is not necessary to determine whether a partnership existed between plaintiff and the O’Rears.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.